IN THE CIRCUIT COURT FOR THE 20th
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:   **10 – CA – 051179**
Judge: Fuller, Joseph C

IBERIABANK, a Louisiana banking
corporation, as successor in interest to Orion
Bank

        Plaintiff,

v.

COCONUT 41, LLC, a Florida limited liability
company, THE D'JAMOOS GROUP, LTD., a
Florida limited liability company, D'JAMOOS HOLDINGS,
INC., a Florida corporation, JOSEPH D'JAMOOS, an
individual and trustee of the Joseph E. D'Jamoos Second
Amended and Restated Revocable Trust Agreement U/A/D
May 20, 2003, AJAX PAVING INDUSTRIES, INC., a
Michigan corporation, WESTWIND CONTRACTING,
INC., a Florida corporation, and HOLE MONTES, INC.,

        Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, IBERIABANK, a Louisiana banking corporation as successor in interest to

Orion Bank ("Plaintiff" or "Lender"), sues Defendants, Coconut 41, LLC, a Florida limited

liability company ("Coconut 41"), The D'Jamoos Group, Ltd., a Florida limited liability

company ("D'Jamoos Group"), D'Jamoos Holdings, Inc., a Florida corporation ("D'Jamoos

Holdings"), Joseph D'Jamoos, an individual and trustee of the Joseph E. D'Jamoos Second

Amended and Restated Revocable Trust Agreement U/A/D May 20, 2003 ("D'Jamoos"), Ajax

Paving Industries, Inc., a Michigan corporation ("Ajax"), Westwind Contracting, Inc., a Florida

corporation ("Westwind"), and Hole Montes, Inc., a Florida corporation ("Hole Montes"), and

states:

1

16213524.1

1.     This is an action for damages in excess of $15,000.00 and is, therefore, within the Court's subject matter jurisdiction.

2.     Plaintiff IBERIABANK is a Louisiana banking corporation authorized at all times material hereto to do business in Florida.  Plaintiff owns and holds the loan documents described below pursuant to IBERIABANK's November 13, 2009 agreement with the FDIC to purchase and assume all deposits and loans of Orion Bank ("Orion").

3.     Defendant, Coconut 41, LLC, is a Florida limited liability company with its principal place of business in Collier County, Florida.

4.     Defendant, D'Jamoos Group, Ltd., is a Florida limited liability company with its principal place of business in Collier County, Florida.

5.     Defendant, D'Jamoos Holdings, Inc., is a Florida corporation with is principal place of business in Collier County, Florida.

6.     Defendant, Joseph E. D'Jamoos, is an individual residing at all times material hereto in Collier County, Florida and is otherwise *sui juris*.

7.     The following defendants may claim an interest in the subject real property:

a.     Defendant, Ajax Paving Industries, Inc., is a Michigan corporation and is subject to the Court's jurisdiction for: (i) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state, pursuant to Florida Statutes § 48.193(1)(a); and (ii) engaging in substantial and not isolated activity within this state, pursuant to Florida Statutes § 48.193(2).

b.     Defendant, Westwind Contracting, Inc., is a Florida corporation with its principal place of business in Broward County, Florida.

2

c.      Defendant, Hole Montes, Inc., is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

8.      Venue is proper as the Mortgage being foreclosed herein is on real property located in Lee County, Florida.

9.      All conditions precedent to the maintenance of this action have occurred, been performed, or have otherwise been waived.

10.     Plaintiff has retained the law firm of Carlton Fields, P.A. (the "Firm") to prosecute this action and is obligated to pay the Firm a reasonable fee for its services.

## Factual Background

11.     On or about August 15, 2005, Coconut 41 and Orion entered into an Acquisition and Development Loan Agreement wherein Orion agreed to lend to Coconut 41 the amount of Seventeen Million Eight Hundred and Eighty Thousand United States Dollars ($17,880,000.00), subject to the terms and conditions set forth therein ("Loan Agreement"). A copy of the Loan Agreement is attached hereto as **Exhibit "1"** and incorporated herein.

12.     Pursuant to the Loan Agreement, Coconut 41 executed and delivered to Orion Bank ("Orion") that certain Promissory Note dated August 15, 2005, in the original principal amount of $17,880,000.00 (the "Original Note"), subject to the terms and conditions set forth therein. A true and correct copy of the Original Note is attached hereto as **Exhibit "2"** and incorporated herein.

13.     To secure payment of the Original Note, Coconut 41 executed and delivered to Orion an original Mortgage, Assignment of Leases and Rents and Security Agreement dated August 15, 2005 ("Mortgage"), pursuant to which Coconut 41 granted to Orion a mortgage lien on and security interest in any and all of the real property described in Exhibit A attached thereto

3

(the "Real Property") and certain personal property (tangible and intangible) and other assets located at the Real Property, used or arising in connection with the operation of the Real Property, as more particularly described in the Mortgage (the "Personal Property," which collectively with the Real Property shall be referred to herein as the "Property"). The Mortgage was recorded on August 17, 2005 in Official Records Book 04850 at Page 2349 of the Public Records of Lee County, Florida. A true and correct copy of the Mortgage is attached hereto as **Exhibit "3"** and incorporated herein.

14.   The Mortgage encumbers that certain real property (the "Property") described as:

A portion of Section 9, Township 47 South, Range 25 East, Lee County, Florida, being more particularly described as follows:

Commencing at the West quarter corner of Section 9, Township 47 South, Range 25 East, Lee County, Florida; thence N 01° 00' 32" W, a distance of 55.00 feet to a point on the Northerly right-of-way line of Coconut Road, a 50.00 foot right-of-way as the same is described in Official Records Book 1738, page 2538 of the Public Records of Lee County, Florida; thence S. 89° 56' 40" E, along the Northerly right-of-way line of Coconut Road, a distance of 2,093.24 feet to the Point of Beginning of the parcel of land herein described; thence N 00° 00' 28" E, a distance of 290.01 feet; thence S 89° 56' 39" E, a distance of 150.73 feet; thence N 00° 03' 21" E, a distance of 868.82 feet; thence S 88° 20' 48" W, a distance of 690.29 feet; thence N 01° 39' 12" W, a distance of 170.00 feet to the South line of the North ½ of the Northwest quarter of said Section 9, thence N 88° 20' 48" E, along said South line, a distance of 1,080.32 feet to the Southwest corner of the North Half of the Northeast quarter of said Section 9; thence 88° 30' 03" E, along the South line of the North ½ of said Northeast quarter, a distance of 516.62 feet to the Westerly right-of-way line of Tamiami Trail (State Road 45) the same being a point on a curve to the right, having: A radius of 11,391.116 feet, a central angle of 02° 56' 26", a chord bearing of S 01° 39' 01" E, and a chord length of 584.54 feet; thence along said Westerly right of way line and the arc of said curve an arc length of 584.61 feet to the end of said curve; thence S 00° 09' 48" E, along said Westerly right of way line, a distance of 770.12 feet to the Northerly right of way line of said Coconut Road; thence 89° 56' 40" W, along said Northerly right of way line a distance of 1,071.87 feet to the Point of Beginning;

LESS AND EXCEPT THEREFROM those certain parcels conveyed by Corporate Warranty Deeds recorded in Official Records Instrument No. 2007000208549 and Official Records Instrument No. 2007000218031, Public Records of Lee County, Florida.

4

AND FURTHER LESS AND EXCEPT THEREFROM that certain parcel conveyed by Warranty Deed recorded in Official Records Instrument No. 2008000173146, Public Records of Lee County, Florida.

15.     To further secure payment of the Original Note, Coconut 41 executed and delivered to Orion a Collateral Assignment of Permits, Plans and Other Development Rights and Agreements dated August 16, 2005, pursuant to which Coconut 41 granted to Orion all right, title, and interest in any and all existing and future construction contracts, subcontracts, design contracts, architectural and engineering contracts, permits, tests, studies, appraisals, etc. arising from the Property (the "Assignment of Permits"). A true and correct copy of the Assignment of Permits is attached hereto as **Exhibit "4"** and incorporated herein.

16.     In addition, to further secure payment of the Original Note, Coconut 41 also executed and delivered to Orion a Collateral Assignment of Sales Contracts and Deposits dated August 16, 2005, pursuant to which Coconut 41 granted to Orion all right title, and interest under the Contracts for Sale and Purchase of portions of the Project listed and described in Exhibit A of the Loan Agreement (the "Assignment of Sales"). A true and correct copy of the Assignment of Sales is attached hereto as **Exhibit "5"** and incorporated herein.

17.     In order to perfect the security interest granted to it in the Mortgage, a UCC-1 financing statement was filed and recorded on August 17, 2005 in Official Records Book 04850, Page 2372 of the Public Records of Lee County, Florida, and also recorded in Florida Secured Transaction Registry at Document Number 20050051754X ("Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as **Composite Exhibit "6"** and incorporated herein.

18.     On or about August 15, 2007, Coconut 41 and Orion entered into a new loan agreement, the First Amendment to Acquisition and Development Loan Agreement, wherein

5

Orion agreed to renew the Original Note and advance additional funds to Coconut 41 through a Future Advance Promissory Note in the maximum principal amount of Two Million Two Hundred Ninety-Five Thousand Dollars ($2,295,000.00), subject to the terms and conditions set forth therein ("First Amended Loan Agreement").   A true and correct copy of the First Amended Loan Agreement is attached hereto as **Exhibit "7"** and incorporated herein.

19.   Concurrent with the First Amended Loan Agreement, and at the expiration of the Original Note, Coconut 41 executed and delivered to Orion a Renewal Promissory Note dated August 15, 2007 for the remaining outstanding principal balance of the Original Note of $15,423,174.66 (the "Renewal Note").   The Renewal Note continued to be secured by, among other things, the Mortgage.  A true and correct copy of the Renewal Note is attached hereto as **Exhibit "8"** and incorporated herein.

20.   Coconut 41 executed and delivered to Orion that certain Future Advance Promissory Note dated September 24, 2007, in the principal amount of $2,295,000.00 (the "Future Advance Note"), subject to the terms and conditions set forth therein.  A true and correct copy of the Future Advance Note is attached hereto as **Exhibit "9"** and incorporated herein.

21.   Also pursuant to the First Amended Loan Agreement, on September 24, 2007, Coconut 41 executed and delivered to Orion a Consolidated, Amended and Restated Promissory Note, in the principal amount of Seventeen Million Eight Hundred Eighty Thousand Dollars ($17,880,000.00) (the "First Consolidated Note"), subject to the terms and conditions set forth therein.  The First Consolidated Note reflects and consolidates the Original Note, Renewal Note, and the Future Advance Note, as agreed upon between the parties in the First Amended Loan Agreement.  A true and correct copy of the First Consolidated Note is attached hereto as **Exhibit "10."**

6

22.     To amend the Mortgage and other related documents and secure payment of the Renewal Note, Future Advance Note, and First Consolidated Note, Coconut 41 executed and delivered to Orion a Mortgage Modification Agreement and Receipt of Future Advance dated September 24, 2007 ("First Mortgage Modification"), pursuant to which Coconut 41 and Orion updated the Mortgage and other Security Agreements, leaving them otherwise to remain in full force in effect.  The First Mortgage Modification was recorded on September 25, 2007 as Instrument Number 2007000294291 in the Public Records of Lee County, Florida.  A true and correct copy of the First Mortgage Modification is attached hereto as **Exhibit "11"** and incorporated herein.

23.     Both the Future Advance Note and the Consolidated Note are secured by, *inter alia*, the Mortgage, as amended by the First Mortgage Modification, as well as the Financing Statement, the Assignment of Permits, and the Assignment of Sales.

24.     On or about April 24, 2008, Coconut 41 and Orion entered into another new loan agreement, the Second Amendment to Acquisition and Development Loan Agreement, wherein Orion agreed to advance additional funds to Coconut 41 through a Second Future Advance Promissory Note in the maximum principal amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00), subject to the terms and conditions set forth therein ("Second Amended Loan Agreement").  The Second Amended Loan Agreement states that, *inter alia*, Coconut 41 would be entitled to a total maximum principal amount of Twenty-Five Million Two Hundred Eighteen Thousand One Hundred Seventy-Four and 66/100 Dollars ($25,218,174.66) based upon previous loans and an additional future advance promissory note.  A true and correct copy of the Second Amended Loan Agreement is attached hereto as **Exhibit "12"** and incorporated herein.

7

25.     To that effect, Coconut 41 executed and delivered to Orion a Second Future Advance Promissory Note dated April 24, 2008, in the principal amount of $7,500,000.00 (the "Second Future Advance Note"), subject to the terms and conditions set forth therein. A true and correct copy of the Second Future Advance Note is attached hereto as **Exhibit "13"** and incorporated herein.

26.     Pursuant to the Second Amended Loan Agreement, on April 24, 2008, Coconut 41 also executed and delivered to Orion a Second Consolidated, Amended and Restated Promissory Note, in the principal amount of Twenty-Five Million Two Hundred Eighteen Thousand One Hundred Seventy-Four Dollars and 66/100 Dollars ($25,218,174.66) (the "Second Consolidated Note"), subject to the terms and conditions set forth therein. The Second Consolidated Note reflects and consolidated the Original Note, the Renewal Note, the Future Advance Note, the First Consolidated Note, and the Second Future Advance Note, as agreed upon between the parties in the Second Amended Loan Agreement. A true and correct copy of the Second Consolidated Note is attached hereto as **Exhibit "14."**

27.     To amend the Mortgage and other related documents and secure payment of the Second Future Advance Note and Second Consolidated Note, Coconut 41 executed and delivered to Orion a Mortgage Modification Agreement and Receipt of Future Advance dated April 24, 2008 ("Second Mortgage Modification"), pursuant to which Coconut 41 and Orion updated the Mortgage, as amended by the First Mortgage Modification, and other Security Agreements, leaving them otherwise to remain in full force in effect. The Second Mortgage Modification was recorded on April 25, 2008 as Instrument Number 2008000111263 in the Public Records of Lee County, Florida. A true and correct copy of the Second Mortgage Modification is attached hereto as **Exhibit "15"** and incorporated herein.

8

28.    Both the Second Future Advance Note and the Second Consolidated Note are secured by, *inter alia*, the Mortgage, as amended by the First Mortgage Modification and the Second Mortgage Modification, as well as the Financing Statement and the Assignment of Permits.

29.    To secure payment under the Loan Agreement, as amended, on August 16, 2005, D'Jamoos Group, Ltd. executed and delivered to Plaintiff a Guaranty Agreement ("Guaranty No. 1"). A true and correct copy of Guaranty No. 1 is attached hereto as **Exhibit "16"** and incorporated herein.

30.    To secure payment under the Loan Agreement, as amended, on August 16, 2005, D'Jamoos Holdings, Inc. executed and delivered to Plaintiff a Guaranty Agreement ("Guaranty No. 2"). A true and correct copy of Guaranty No. 2 is attached hereto as **Exhibit "17"** and incorporated herein.

31.    To secure payment under the Loan Agreement, as amended, on August 16, 2005, Joseph D'Jamoos executed and delivered to Plaintiff a Guaranty Agreement ("Guaranty No. 3"). A true and correct copy of Guaranty No. 3 is attached hereto as **Exhibit "18"** and incorporated herein.

32.    Guaranty No. 1, Guaranty No. 2, and Guaranty No. 3 are collectively referred to herein as the "Guaranties."

33.    Pursuant to the Guaranties, Guarantors absolutely and unconditionally guaranteed the prompt payment when due of all obligations of Borrower to Orion, including, *inter alia*, all outstanding amounts due under any loan or note given by Borrower to Orion including, *inter alia*, all outstanding principal, accrued and unpaid interest, default interest if applicable, penalties and late charges owed under the Second Consolidated Note.

9

34.    Under its terms, the Second Consolidated Note reached maturity on August 15, 2009. Orion, by a letter dated September 22, 2009, agreed to forbear from enforcing the maturity date for a period of One Hundred and Twenty Two (122) days and extended the maturity date on the Second Consolidated Note until December 15, 2009 ("Forbearance Agreement").    The Forbearance Agreement did not alter any terms and conditions in any loan documents, and at the end of the extension all payments would be due and owing to Orion.  A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit "19"** and incorporated herein.

35.    On November 13, 2009, IBERIABANK entered into a purchase and assumption agreement with the FDIC to assume all deposits and loans of Orion.   The purchase and assumption of the assets that are subject to this action is memorialized in as Assignment from Orion Bank to IBERIABANK dated November 13, 2009 ("Assignment").   A true and correct copy of the Assignment is attached hereto as **Exhibit "20"** and incorporated herein.

36.    The Mortgage, as amended by the First Mortgage Modification and the Second Mortgage Modification, shall hereinafter be referred to as the "Mortgage, as amended."

37.    The Second Consolidated Note, Mortgage as amended, and any other loan documents which evidence or secure Borrower's payment obligations to Orion, shall hereinafter, collectively be referred to as the "Loan Documents."

38.    Lender is the owner and holder of the Loan Documents.

39.    The Loan Documents are secured by the Property.

40.    Coconut 41 has defaulted under the Second Consolidated Note and Mortgage, as amended, by failing to make all payments due and owing at the expiration of the extended maturity date on December 15, 2009.

10

41.     Lender provided notice to Borrower of these defaults, and called immediately due and payable all amounts outstanding under the Loan Documents.

42.     As a result of Coconut 41's defaults under the Second Consolidated Note and Mortgage, as amended, Plaintiff has accelerated all amounts secured by the Second Consolidated Note and Mortgage, as amended.

43.     A default under one of the Loan Documents is a default under all of the Loan Documents.

44.     Defendants, D'Jamoos Group, Ltd. D'Jamoos Holdings, Inc., and Joseph D'Jamoos, as guarantors, have defaulted under the terms of the Guaranties by failing to make payment of all amounts due under the loan when due and payable, including, without limitation, payment of the outstanding principal under the Second Consolidated Note, accrued and unpaid note and default interest rate, and late fees.

45.     Due to Coconut 41's default under the Loan Documents, Lender is entitled to the immediate payment of the entire principal balance on the Second Consolidated Note ($19,921,837.83), together with accrued note rate interest, default rate interest late charges, costs, attorney's fees, late charges, other fees allowed under the Loan Documents, court costs, attorneys' fees, and other expenses and provided in the Loan Documents.

<u>**COUNT I**</u>
<u>**PROMISSORY NOTE**</u>

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 8, 12, 19-21, 25-26, 34-35, 37-43, and 45, above as though fully set forth herein, and further alleges as follows:

46.     This is an action for damages exceeding the minimum jurisdictional amount of this Court.

11

47.     As set forth above, Coconut 41 executed and delivered the Second Consolidated Note to Orion. *See* Exhibit 14.

48.     Lender, IBERIABANK, owns and holds the Second Consolidated Note.

49.     Coconut 41 is in default of the Second Consolidated Note by failing to make all payments due and owing at the expiration of the extended maturity date on December 15, 2009.

50.     As a result of the aforementioned default, Coconut 41 owes IBERIABANK principal in the amount of $19,921,837.83, together with accrued note rate interest, default rate interest late charges, costs, attorney's fees, late charges, other fees allowed under the Loan Documents, court costs, attorneys' fees, and other expenses and provided in the Loan Documents.

51.     IBERIABANK has retained the undersigned attorneys and is obligated to pay them a reasonable fee and costs.

Wherefore, IBERIABANK, demands a monetary judgment against Coconut 41 for the amounts set forth above, plus interest, attorneys' fees and costs, and for such other just and equitable relief as the Court deems fit.

## COUNT II
## FORECLOSURE OF MORTGAGE

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 7-10, 12-13, 19-23, 25-28, 34-43, 45, and 48-50, above as though fully set forth herein, and further alleges as follows:

52.     This is an action to foreclose the Mortgage on commercial real property located in Lee County, Florida.

53.     As set forth above, Coconut 41 executed and delivered the Mortgage, as amended, to Orion. *See* Exhibits 3, 11, and 15.

12

54.     IBERIABANK owns and holds the Second Consolidated Note and Mortgage.

55.     The Property is owned in fee simple by Defendant Coconut 41.

56.     The Second Consolidated Note and Mortgage, as amended, are in default as set forth above.

57.     The following defendants may claim an interest in the Real Property encumbered by the Mortgage, as amended:

    a.     Defendant, Ajax Paving Industries, Inc., may claim an interest in the Real Property based upon a Claim of Lien recorded on November 18, 2009 as Instrument #2009000309164 in the Public Records of Lee County, Florida, but such interest, if any, is subordinate and inferior to Plaintiff's interest under the Mortgage, as amended.

    b.     Defendant, Westwind Contracting, Inc., may claim an interest in the Real Property based upon a Claim of Lien recorded on December 22, 2009 as Instrument #2009000339207 in the Public Records of Lee County, Florida, but such interest, if any, is subordinate and inferior to Plaintiff's interest under the Mortgage, as amended.

    c.     Defendant, Hole Montes, Inc., may claim an interest in the Real Property based upon a Claim of Lien recorded on December 29, 2009 as Instrument #2009000343544 in the Public Records of Lee County, Florida, but such interest, if any, is subordinate and inferior to Plaintiff's interest under the Mortgage, as amended.

58.     Under the terms of the Second Consolidated Note and the Mortgage, as amended, Defendant Coconut 41 owes Plaintiff the amounts set forth in paragraphs 45 and 50 above, plus

13

real estate taxes, title search expenses and all other expenses secured by the Mortgage, as amended.

59.    IBERIABANK has retained the undersigned attorneys and is obligated to pay them a reasonable fee and costs.

WHEREFORE, Plaintiff, IBERIABANK, demands judgment under the Second Consolidated Note and the Mortgage, as amended, for damages as set forth above and, if the sum is not paid within the time set by this Court, Plaintiff demands sale of the real property and if the proceeds are insufficient to pay Plaintiff's claim, a deficiency judgment, and further demands that all persons claiming under or against Defendants since the filing of the notice of *lis pendens* be foreclosed.

**COUNT III**
**FORECLOSURE OF SECURITY INTEREST**

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 8-10, 12-13, 17, 19-23, 25-28, 34-43, 45, 48-50, 54, 56, and 58, above as though fully set forth herein, and further alleges as follows:

60.    This is an action to foreclose a security interest in personal property located in Lee County, Florida.

61.    Plaintiff owns and holds the Mortgage, as amended, which secures Borrower's payment and performance under the Second Consolidated Note, and which grants Plaintiff a security interest in certain personal property of Borrower as described more particularly in the Mortgage and Exhibit "B" to the Security Agreement pledge. *See* Exhibits 3, 11, and 15.

62.    Plaintiff's security interest in the Personal Property was perfected through the filing and recording of the Financing Statement.

14

63.    Coconut 41 has defaulted under the Second Consolidated Note and Mortgage, as amended, by failing to make all payments due and owing at the expiration of the extended maturity date on December 15, 2009.

64.    On account of Borrower's defaults as described above, Plaintiff is entitled to foreclose its security interest in the Personal Property, pursuant to the Mortgage, as amended.

65.    The Mortgage contains an attorney's fees provision, pursuant to which Borrower obligated to pay Plaintiff's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands that this Court enter judgment foreclosing its security interest in the Personal Property under the Mortgage, as amended, and for such other just and equitable relief as this Court deems fit.

## COUNT IV
## FORECLOSURE OF COLLATERAL ASSIGNMENT OF
## PERMITS, PLANS AND OTHER DEVELOPMENT RIGHTS AND AGREEMENTS

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 8-10, 12-13, 15, 17, 19-23, 25-28, 34-43, 45, 48-50, 54, 56, and 58, above as though fully set forth herein, and further alleges as follows:

66.    This is an action to foreclose a collateral assignment under the Collateral Assignment of Permits, Plan and Other Development Rights and Agreements.

67.    Plaintiff owns and holds the Collateral Assignment of Permits, Plans and Other Development Rights and Agreements, which secures Borrower's payment and performance under the Second Consolidated Note and Mortgage, as amended, and which grants Plaintiff a security interest in all existing and future construction contracts, subcontracts, design contracts, architectural and engineering contract, permits, tests (including soil tests), studies, appraisals, and plans and specifications with respect to the proposed development on the premises described

15

in Exhibit A of the Collateral Assignment of Permits, Plans and Other Development Rights and Agreements (the "Collateral"). *See* Exhibit 4, p.1.

68.     Plaintiff's security interest in the Collateral was perfected through the filing and recording of the Financing Statement, which Plaintiff owns and holds.

69.     Coconut 41 has defaulted under the Second Consolidated Note and Mortgage, as amended, by failing to make all payments due and owing at the expiration of the extended maturity date on December 15, 2009. As a result, Borrower owes Plaintiff the amounts set forth in paragraphs 45 and 50 above.

70.     On account of Borrower's default as described above, Plaintiff is entitled to enforce the Collateral Assignment of Permits, Plans and Other Development Rights and Agreements, pursuant to which Borrower is required to turn over to Plaintiff the Collateral.

71.     Plaintiff has issued to Borrower a written notice of default under the Loan Documents.

72.     The Collateral Assignment of Permits, Plan and Other Development Rights and Agreements contains an attorney's fees provision, pursuant to which Borrower is obligated to pay IBERIABANK's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands that this Court enter a judgment foreclosing its security interest in the Contracts and Deposits under the Collateral Assignment of Permits, Plan and Other Development Rights and Agreements and commanding Borrower to turn over to Plaintiff forthwith the Collateral, and for such other just and equitable relief as this Court deems just and fit.

16

## COUNT V
## FORECLOSURE OF COLLATERAL ASSIGNMENT OF
## SALES CONTRACTS AND DEPOSITS

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 8-10, 12-13, 16, 17, 19-23, 25-28, 34-43, 45, 48-50, 54, 56, and 58above as though fully set forth herein, and further alleges as follows:

73. This is an action to foreclose a collateral assignment in the purchase contracts and earnest money deposits under in the Collateral Assignment of Sales Contracts and Deposits.

74. Plaintiff owns and holds the Collateral Assignment of Sales Contracts and Deposits, which secures Borrower's payment and performance under the Second Consolidated Note and Mortgage, as amended, and which grants Plaintiff a security interest in all "right, title and interest in, to and under the Contracts and Deposits" which includes right, title, and interest under the Contracts for Sale and Purchase as well as "all Deposits now or hereafter received by or on behalf of [Coconut 41]" ("Contracts and Deposits"). *See* Exhibit 5, p. 1.

75. Plaintiff's security interest in the Contracts and Deposits was perfected through the filing and recording of the Financing Statement, which Plaintiff owns and holds.

76. Coconut 41 has defaulted under the Second Consolidated Note and Mortgage, as amended, by failing to make all payments due and owing at the expiration of the extended maturity date on December 15, 2009. As a result, Borrower owes Plaintiff the amounts set forth in paragraphs 45 and 50 above.

77. On account of Borrower's defaults described above, Plaintiff is entitled to foreclose its security interest in the Contracts and Deposits under the Collateral Assignment of Sales Contracts and Deposits.

17

16213524.1

78.     The Collateral Assignment of Sales Contracts and Deposits contains an attorney's fees provision, pursuant to which Borrower is obligated to pay IBERIABANK's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands that this Court enter a judgment foreclosing its security interest in the Contracts and Deposits under the Collateral Assignment of Sales Contracts and Deposits, and for such other just and equitable relief as this Court deems just and fit.

## COUNT VI
## REPLEVIN

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 8-13, 15, 19-23, 25-28, 34-43, 45, 48-50, 54, 56, 58, 61, and 67-68, above as though fully set forth herein, and further alleges as follows:

79.     This is an action for replevin of personal property located in Lee County, Florida pursuant to Florida Statutes Chapter 78.

80.     The Mortgage, as amended, and Financing Statement grant Plaintiff a security interest in the Personal Property and the Collateral Assignment of Permits, Plan and Other Development Rights and Agreements grants Plaintiff a security interest in the Collateral (the Personal Property and the Collateral collectively referred to herein as the "Subject Property").

81.     Plaintiff is entitled to possession of the Subject Property under the Mortgage, as amended, Collateral Assignment of Permits, Plan and Other Development Rights and Agreements, and Financing Statement. To Plaintiff's best knowledge, information, and belief, the Subject Property is located at the Mortgaged Property and its value is unknown to Plaintiff.

82.     Coconut 41 has defaulted under the Second Consolidated Note and Mortgage, as amended, by failing to make all payments due and owing at the expiration of the extended

18

maturity date on December 15, 2009. Plaintiff has made demand upon Coconut 41 to turn over the personal property, but Coconut 41 has failed to comply.

83.     The Subject Property has not been taken for any tax assessment or fine pursuant to law nor has it been taken under any execution or attachment. The Subject Property has been wrongfully detained by Defendant Coconut 41 and Plaintiff is entitled to immediate possession of the property in order to protect its rights under the Loan Documents.

84.     The Mortgage, as amended, and Collateral Assignment of Permits, Plan and Other Development Rights and Agreements each contain an attorney's fees provision, pursuant to which Borrower is obligated to pay Plaintiff's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands judgment for possession of the above-described personal property and respectfully requests that the Court enter an order directing the Clerk of the Court to issue a writ of replevin commanding the Sheriffs of this state to replevy the subject personal property of Defendant Coconut 41 and to turn it over to Plaintiff forthwith, and awarding Plaintiff its attorneys' fees, costs of suit and advances, and further awarding, if the sale of the collateral provides insufficient funds to pay Coconut 41's indebtedness, a deficiency judgment.

### COUNT VII
### GUARANTY NO. 1

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-4, 8-10, 12, 19-21, 25-26, 29, 32-35, 37-43, 45, 48-50, 54-55, and 57, above as though fully set forth herein, and further alleges as follows:

85.     This is an action for damages in excess of $15,000.00 on Guaranty No. 1 against D'Jamoos Group, Ltd.

16213524.1

86.    Pursuant to Guaranty No. 1, D'Jamoos Group, Ltd. unconditionally guaranteed Coconut 41's payment and performance under the Second Consolidated Note, including all accrued legal fees and interest.

87.    Coconut 41 has defaulted under the Second Consolidated Note by failing to make payment on December 15, 2009 of all amounts due and owning on the Second Consolidated Note.

88.    As a result of Coconut 41's default, D'Jamoos Group, Ltd. owes Plaintiff all amounts due under the Second Consolidated Note, as described more particularly in paragraphs 45 and 50 above, pursuant to Guaranty No. 1.

89.    Guaranty No. 1 contains an attorney's fees provision, pursuant to which D'Jamoos Group, Ltd. is obligated to pay Plaintiff's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands judgment against D'Jamoos Group, Ltd. for damages, costs, and attorney's fees, together with such other relief as the Court deems just and proper.

## COUNT VIII
## GUARANTY NO. 2

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 5, 8-10, 12, 19-21, 25-26, 30, 32-35, 37-43, 45, 48-50, 54-55, and 57, above as though fully set forth herein, and further alleges as follows:

90.    This is an action for damages on Guaranty No. 2 against D'Jamoos Holdings, Inc.

91.    Pursuant to Guaranty No. 1, D'Jamoos Holdings, Inc. unconditionally guaranteed Coconut 41's payment and performance under the Second Consolidated Note, including all accrued legal fees and interest.

20

16213524.1

92.     Coconut 41 has defaulted under the Second Consolidated Note by failing to make payment on December 15, 2009 of all amounts due and owning on the Second Consolidated Note.

93.     As a result of Coconut 41's default, D'Jamoos Holdings, Inc. owes Plaintiff all amounts due under the Second Consolidated Note, as described more particularly in paragraphs 45 and 50 above, pursuant to Guaranty No. 2.

94.     Guaranty No. 2 contains an attorney's fees provision, pursuant to which D'Jamoos Holdings, Inc. is obligated to pay Plaintiff's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands judgment against D'Jamoos Holdings, Inc. for damages, costs, and attorney's fees, together with such other relief as the Court deems just and proper.

## COUNT IX
## GUARANTY NO. 3

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-3, 6, 8-10, 12, 19-21, 25-26, 31-35, 37-43, 45, 48-50, 54-55, and 57, above as though fully set forth herein, and further alleges as follows:

95.     This is an action for damages on Guaranty No. 3 against Joseph E. D'Jamoos.

96.     Pursuant to Guaranty No. 3, Joseph E. D'Jamoos unconditionally guaranteed Coconut 41's payment and performance under the Second Consolidated Note, including all accrued legal fees and interest.

97.     Coconut 41 has defaulted under the Second Consolidated Note by failing to make payment on December 15, 2009 of all amounts due and owning on the Second Consolidated Note.

21

16213524.1

98.     As a result of Coconut 41's default, Joseph E. D'Jamoos owes Plaintiff all amounts due under the Second Consolidated Note, as described more particularly in paragraphs 45 and 50 above, pursuant to Guaranty No. 3.

99.     Guaranty No. 3 contains an attorney's fees provision, pursuant to which Joseph E. D'Jamoos is obligated to pay Plaintiff's attorney's fees and costs for this action.

WHEREFORE, Plaintiff, IBERIABANK, demands judgment against Joseph E. D'Jamoos for damages, costs, and attorney's fees, together with such other relief as the Court deems just and proper.

Respectfully submitted,

CARLTON FIELDS, P.A.
Attorneys for Plaintiff
100 Southeast Second Avenue
Suite 4000
Miami, Florida 33131
Phone (305) 530-0050

By _Morgan Swing_
MERRICK L. GROSS
Fla. Bar No. 716677
MORGAN L. SWING
Fla. Bar No. 17092

16213524.1

## VERIFICATION OF COMPLAINT

STATE OF _Florida_     )

                  )     : SS

COUNTY OF _Lee_     )

    BEFORE ME, the undersigned authority, personally appeared Matt Seluk, as _Vice President_ of plaintiff, IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank, who was sworn before me and states that s/he has read the foregoing Verified Complaint and that the facts set forth therein are true and correct.

By: _Matthew E Seluk_

As _Vice President_

of IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank

    SWORN TO AND SUBSCRIBED before me this _20_ day of January, 2010.

_____

NOTARY PUBLIC

State of _Florida_

Print Name: _Stacey M. Thrasher_

My Commission Expires: _8-22-10_

( ✓ ) Personally known; or

( ___ ) Produced _____

    as identification.

STACEY M. THRASHER
Notary Public - State of Florida
My Commission Expires Aug 22, 2010
Commission # DD 587910
Bonded By National Notary Assn.

23