```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


IBERIABANK, a Louisiana banking
corporation, as successor in
interest to Orion Bank,,

                    Plaintiff,

vs.                                     Case No.  2:11-cv-321-FtM-29DNF

COCONUT 41, LLC, a Florida limited
liability company, THE D'JAMOOS
GROUP, LTD, a Florida limited
liability company, D'JAMOOS
HOLDINGS, INC., a Florida
corporation, JOSEPH D'JAMOOS, an
individual and trustee of the Joseph
E. D'Jamoos Second Amended and
Restated Revocable Trust Agreement
U/AD May 20, 2003, AJAX PAVING
INDUSTRIES, INC., a Michigan
corporation, WESTWIND CONTRACTING,
INC., a Florida corporation, and
HOLE MONTES, INC.,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on HG Coconut, LLC's Motion to Dismiss the Second Amended Counterclaim and Cross-Claim Filed By Westwind Contracting, Inc. (Doc. #14) and its Motion to Dismiss Crossclaims Filed By Coconut 41, LLC (Doc. #68).  Westwind Contracting, Inc. filed a Response (Doc. #64), and Coconut 41, LLC filed a Memorandum of Law in Opposition (Doc. #56).  HG Coconut, LLC also filed a Motion for Hearing (Doc. #119) in conjunction with

both motions. The Court finds that oral arguments are not required for either motion.

**I.**

Both motions to dismiss were filed in state court prior to removal to federal court, and both refer to the Florida Rules of Civil Procedure. The Court applies the Federal Rules of Civil Procedure after removal. Fed. R. Civ. P. 81(c)(1).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Iberiabank is the successor in interest to Orion Bank and is holder of a note and mortgage in excess of $25 million executed by Coconut 41, LLC and secured by commercial real property. Iberiabank filed a foreclosure Verified Complaint (Doc. #2) in state court against Coconut 41, LLC (Coconut 41), and others who may claim an interest in the real property securing the mortgage based on their secondary liens, including The D'Jamoos Group, Ltd., D'Jamoos Holdings, Inc., and Joseph D'Jamoos (collectively D'Jamoos Defendants), Ajax Paving Industries, Inc. (Ajax), Hole Montes, Inc. (Hole Montes), and Westwind Contracting, Inc. (Westwind). In due course, defendant Westwind filed a nine-count Second Amended Counterclaim and Cross-Claims against Iberiabank, Coconut 41, Ajax, and Hole Montes, and added HG Coconut, LLC (HG Coconut) and the Federal Deposit Insurance Corporation (FDIC) as Receiver of Florida Community Bank as cross-claim defendants. (Doc. #5.) The case was then removed to federal court based on the presence of the FDIC in the cross-claim.

**A. HG Coconut's Motion to Dismiss Westwind Cross-Claims:**

HG Coconut is only named in Counts III and IV of the Second Amended Counterclaim and Cross-Claims. HG Coconut argues that these counts fail to state a cause of action, fail to allege ultimate facts, and improperly allege claims which are not properly joined as crossclaims.

The Westwind Second Amended Counterclaim And Cross-claim (Doc. #5) alleges that on or about June 16, 2006, Westwind and Coconut 41 entered into a written contract (On-site Contract) to furnish labor, services, materials, and improvements to a property, and on or about August 15, 2006, Westwind and Coconut 41 entered into another written contract (Off-site Contract) for road work and off-site improvements to benefit properties. (Doc. #5, ¶¶ 11-12.) The first two counts allege breach of contract claims against Coconut 41 in connection with these two contracts. In Count III, Westwind seeks to foreclose a construction lien against HG Coconut, and others, for work Westwind performed pursuant to Westwind's two contracts with Coconut 41 for subdivision improvements. Westwind's legal theory is that although HG Coconut had no contractual relationship with anyone, it benefitted from the work and therefore should be obligated to pay the $195,000-plus still owed by Coconut 41. Count IV is an alternative claim of unjust enrichment claim against only HG Coconut based on the theory that its contract work for Coconut 41 benefitted HG Coconut and therefore HG Coconut is required to pay $336,675.38 of the amount owed.

   (1)   **Count III:   Enforcement of Lien**

HG Coconut argues that Westwind has failed to allege sufficient facts to state a cause of action to enforce a lien because it cannot show that HG Coconut contracted with anyone for the construction work. The Court finds that Westwind has failed to

plead sufficient facts which would allow it to have or foreclose a lien against HG Coconut.

Under Section 713.04, a portion of the Florida Construction Lien Law,

> [a]ny lienor[1] who, regardless of privity, performs services or furnishes material to real property for the purpose of making it suitable as the site for the construction of an improvement or improvements shall be entitled to a lien on the real property for any money that is owed to her or him for her or his services or materials furnished in accordance with her or his contract and the direct contract. . . . When the services or materials are placed on land dedicated to public use and are furnished under contract with the owner of the abutting land, the cost of the services and materials, if unpaid, may be the basis for a lien upon the abutting land.

Fla. Stat. § 713.04(1). This section is limited to liens for subdivision improvements. Gulf Horizons Dev. Co., Inc. v. Lewis, 478 So. 2d 1180 (Fla. 2d DCA 1985). Under Section 713.06,

> [a] materialman[2] or laborer[3], either of whom is not in privity with the owner, . . . has a lien on the real property improved for any money that is owed to him or her for labor, services, or materials furnished in accordance with his or her contract and with the direct contract and for any unpaid finance charges due under the lienor's contract.

---

[1] A lienor is a contractor, subcontractor, a sub-subcontractor, a laborer, a materialman, or a professional lienor who has a lien on real property. Fla. Stat. § 713.01(18).

[2] A materialman is any person that furnishes materials under contract to the owner, contractor, subcontractor, or sub-subcontractor on the site of improvement. Fla. Stat. § 713.01(20).

[3] A laborer is any person other than an architect, landscape architect, engineer, surveyor and mapper, who performs labor or services on the site of the improvement. Fla. Stat. § 713.01(16).

Fla. Stat. § 713.06(1). A "contract" "means an agreement for improving real property, written or unwritten, express or implied, and includes extras or change orders." Fla. Stat. § 713.01(6). A "direct contract" is "a contract between the owner and any other person." Fla. Stat. § 713.01(9). Both statutory provisions, on their face, require a contract or direct contract.

Westwind alleges that its contracts were with Coconut 41 for subdivision improvements. Westwind does not allege that HG Coconut had a contract either with the owner or with Westwind. Thus, no contract or direct contract is alleged to exist involving HG Coconut (doc. #5, ¶¶ 34, 39, 40), and Westwind concedes that no material and services occurred on the property of HG Coconut (doc. #64, p. 4). Westwind argues, however, that Section 713.04 does not require that the owner have contracted with the contractor. While this may be true, it is clear that the statute requires a contractual relationship between HG Coconut and <u>somebody</u> involved in performing the subdivision services.

A lien extends only to "the right, title, and interest of the person who contracts for the improvement as such right, title, and interest exists at the commencement of the improvement or is thereafter acquired in the real property." Fla. Stat. § 713.10(1). In this case, there is no allegation that HG Coconut contracted with anyone for any improvements. In fact, the allegations are directly to the contrary, and Westwind admits there is no contract

with HG Coconut. Even if Westwind believes a contract for sale of HG Coconut's property includes a provision requiring Coconut 41 to complete improvements, including those that are covered by the contract between Westwind and Coconut 41, (doc. #64, p. 3), these allegations are not contained in the Second Amended Counterclaim and Cross-Claim. Count III does not set forth a plausible claim upon which relief may be granted, and the motion to dismiss will be granted without prejudice.

### (2)   Count IV:   Unjust Enrichment

HG Coconut argues that Westwind fails to state a claim for unjust enrichment in Count IV. The Court agrees.

To state such a claim, Westwind must plead that it conferred a benefit on HG Coconut, that HG Coconut had knowledge of the benefit, that HG Coconut accepted or retained the benefit, and that the circumstances are such that it would be inequitable for HG Coconut to retain the benefit without paying fair value for it. Golden v. Woodward, 15 So. 3d 664, 670 (Fla. 1st DCA 2009). Although Westwind summarily tracked *most* of the elements for such a claim, there are no supporting facts in the Second Amended Counterclaim and Cross-claim stating what improvements and benefit were conferred or how HG Coconut knowingly benefitted. See, e.g., Coffee Pot Plaza P'ship v. Arrow Air Conditioning & Refrigeration, Inc., 412 So. 2d 883, 884 (Fla 2d DCA 1982)(there must be knowing and voluntary acceptance of the benefit); Deanna Constr. Co., Inc.

v. Sarasota Entm't Corp., 563 So. 2d 150, 152 (Fla. 2d DCA 1990)(same). Therefore, the motion to dismiss will be granted without prejudice.[4]

**B.  HG Coconut's Motion to Dismiss Coconut 41 Cross-Claims:**

Defendant Coconut 41 filed Crossclaims (Doc. #58) against Westwind and HG Coconut, and a separate Counterclaim (Doc. #59) against Iberiabank. In Count I of the Crossclaims, Coconut 41 alleges that, on or about August 15, 2006, Westwind entered into the same Off-site Contract referenced by Westwind. Under the Off-site Contract, Westwind was to perform certain work within the U.S. Highway 41 right of way required by Bonita Springs Utilities and/or the Florida Department of Transportation. Westwind failed to complete the required work under the Off-site Contract, which is a breach of the Off-site Contract, and as a result, Coconut 41 has been damaged. (Doc. #58, ¶¶ 7-12.)

As relevant here, in Count II, Coconut 41 alleges that, on or about June 29, 2009, HG Coconut entered into a Settlement and Infrastructure Construction Disbursement Agreement (Settlement Agreement) with Coconut 41 which required HG Coconut and its Mortgagee Mercantile Bank's execution of the Declaration of Master Association Covenants, Easements and Restrictions for Coconut

---

[4]HG Coconut also argues that it was improperly added because it is not an indispensable and necessary party. Given the resolution of the other arguments, the Court need not resolve this issue.

Crossing (Master Declaration). The Settlement Agreement was entered into to resolve a dispute stemming from a Commercial Vacant Land Purchase Contract and Addendum and Escrow Agreement assigned as security to Orion Bank (predecessor to Iberiabank) whereby Coconut 41 would be obligated to complete infrastructure work, including a U.S. 41 turn lane, on Coconut 41 and/or HG Coconut's property subject to certain terms and subject to Westwind's liens. (Doc. #58-2, Exh. B.) Execution and recording of the Master Declaration was a condition precedent to the acceptance and recording of the Plat for Coconut Crossings, which was required to complete the infrastructure and close on pending sales of land. It is alleged that HG Coconut intentionally failed and refused to execute the Master Declaration or have its mortgagee do so causing Coconut 41 to default on its note and mortgage. Coconut 41 alleges this resulted in a breach of the Settlement Agreement causing damages. (Doc. #58, ¶¶ 18-26.)

It is undisputed that HG Coconut is not necessary for the court to "accord complete relief", Fed. R. Civ. P. 19(a), to Iberiabank, and that HG Coconut has no interest in the disposition of Iberiabank's foreclosure litigation against Coconut 41 and Westwind. Westwind added HG Coconut and FDIC as non-party cross-claimants because Westwind seeks to recover the amount owed by Coconut 41, which is also the amount of the lien against the property Iberiabank seeks to foreclose upon. Coconut 41 added HG

Coconut as a cross-claimant because of an underlying settlement agreement with HG Coconut that Coconut 41 alleges caused it to default on the note and mortgage.  HG Coconut argues that it is improperly named in Coconut 41's cross-claim because it is not a party in the underlying foreclosure action, Coconut 41 cannot allege a proper third party derivative claim for indemnification, and HG Coconut is not a necessary and indispensible party to Coconut 41's cross-claim against Westwind.  Because the Court finds that HG Coconut is at least a permissive party under Fed. R. Civ. P. 18(a) and 20(a), the motion to dismiss will be denied.

Accordingly, it is now

**ORDERED**:

1.  HG Coconut, LLC's Motion for Hearing (Doc. #119) is **DENIED**.

2.  HG Coconut, LLC's Motion to Dismiss the Second Amended Counterclaim and Cross-Claim Filed By Westwind Contracting, Inc. (Doc. #14) is **GRANTED** and Counts III and IV are dismissed without prejudice.

3.  HG Coconut, LLC's Motion to Dismiss Crossclaims Filed By Coconut 41, LLC (Doc. #68) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of February, 2012.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-10-