UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

    Plaintiff,

vs.   Case No.  2:11-cv-321-FtM-29DNF

COCONUT 41, LLC, a Florida limited liability company, THE D'JAMOOS GROUP, LTD, a Florida limited liability company, D'JAMOOS HOLDINGS, INC., a Florida corporation, JOSEPH D'JAMOOS, an individual and trustee of the Joseph E. D'Jamoos Second Amended and Restated Revocable Trust Agreement U/AD May 20, 2003, AJAX PAVING INDUSTRIES, INC., a Michigan corporation, WESTWIND CONTRACTING, INC., a Florida corporation, and HOLE MONTES, INC.,

    Defendants.
_____

WESTWIND CONTRACTING, INC.,

    Counter-claim Plaintiff,

vs.

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

    Counter-claim Defendant.
_____

COCONUT 41, LLC,

    Counter-claim Plaintiff,

vs.

IBERIABANK, as successor in interest to Orion Bank,

    Counter-claim Defendant.
_____

WESTWIND CONTRACTING, INC.,

    Cross-claim Plaintiff,

vs.

COCONUT 41, LLC, a Florida limited liability company; AJAX PAVING, INC., a Michigan corporation; and HOLE MONTES, INC., a Florida corporation;

    Cross-claim Defendants.
_____

WESTWIND CONTRACTING, INC.,

    Third-party Plaintiff,

vs.

HG COCONUT, LLC, a Florida limited liability company,

    Third-party Defendant.
_____

HG COCONUT, LLC,

    Cross-claim Plaintiff

vs.

WESTWIND CONTRACTING, INC.,

    Cross-claim Defendant.
_____

COCONUT 41, LLC,

    Cross-claim Plaintiff,

vs.

WESTWIND CONTRACTING, INC.; and HG COCONUT, LLC,

    Cross-claim Defendants.
_____

HG COCONUT, LLC,

    Third-party Plaintiff,

vs.

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

    Third-party Defendant.
_____

HG COCONUT, LLC,

    Cross-claim Plaintiff,

vs.

COCONUT 41, LLC,

    Cross-claim Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff Iberiabank's Motion to Dismiss HG Coconut, LLC's Counterclaim (Doc. #213) filed on July 20, 2012. HG Coconut, LLC filed a Legal Memorandum in Opposition (Doc. #219) on August 3, 2012. Iberiabank filed a Reply (Doc. #230) on September 4, 2012.

I.

By way of background, in 2007 HG Coconut, LLC (HG Coconut) filed suit against Coconut 41, LLC (Coconut 41) asserting breach of an addendum to a land purchase contract. (Doc. #201, ¶¶ 7-8, 12.) On June 29, 2009, after extensive litigation in state court, HG Coconut entered into a Settlement and Infrastructure Construction Disbursement Agreement (Settlement Agreement) with Coconut 41 and Orion Bank. (Id., ¶ 13.) The Settlement Agreement provided that funds were to be held by Orion Bank until completion of certain conditions. In violation of the Settlement Agreement, $182,208.97 was released before completion of the conditions. (Id., ¶ 23.)

At some point[1], the FDIC took control of Orion Bank. On November 13, 2009, the FDIC and Iberiabank entered into a Purchase and Assumption Agreement - Whole Bank - All Deposits (Assumption Agreement) whereby Iberiabank purchased the assets and assumed the liabilities of Orion Bank as its successor in interest. (Id., ¶ 4.) Pursuant to the Assumption Agreement, Iberiabank expressly assumed liabilities of Orion Bank and agreed to honor the terms and conditions of any written escrow agreement or other similar agreement relating to deposit liability assumed by Iberiabank. (Id., ¶ 5.) Iberiabank "did not elect not to assume" the Settlement Agreement. (Id., ¶ 6.)

---

[1]The Court previously noted that the FDIC was appointed as Receiver effective January 29, 2010. (Doc. #122, pp. 2-3.)

## II.

HG Coconut filed a "Counterclaim"[2] (Doc. #201) for breach of contract against Iberiabank, as successor in interest to Orion Bank, for premature release of the escrow funds and the amount currently held by Iberiabank in a construction draw account. Iberiabank does not claim any interest in the funds deposited or partially released to Coconut 41, and Coconut 41 has otherwise defaulted on the mortgage loan. Coconut 41 is not named as a party in the Counterclaim, but is separately named in a Cross-Claim (Doc. #202) to which Coconut 41 has filed an Answer and Affirmative Defenses (Doc. #214).

### A.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

---

[2] HG Coconut was not named as a defendant by Iberiabank, but rather was brought in by Westwind Contracting, Inc. as a Third-party in its "Counterclaim, Cross-Claims, and Third Party Complaints" (Doc. #4, p. 13). Therefore, it is essentially a Third-party claim.

entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Exhibits central to the Counterclaim and attached thereto may be considered. Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

**B.**

Iberiabank seeks to dismiss the Counterclaim (Doc. #201) because it was never a party to the Settlement Agreement executed with Orion Bank, its predecessor; the counterclaim is barred by the D'Oench Doctrine and 12 U.S.C. § 1823(e); and HG Coconut, LLC (HG Coconut) lacks standing to assert a breach of contract claim arising from the Settlement Agreement. The Court rejects each assertion as being a basis for dismissal.

It is undisputed that Iberiabank was not a party to the Settlement Agreement. It is also undisputed that its predecessor, Orion Bank, was a party to the Settlement Agreement. The Counterclaim alleges that Iberiabank "*expressly* assumed liabilities of Orion Bank" including "any written escrow agreement or other similar agreement" (Doc. #201, ¶ 5), and the Settlement Agreement is "binding upon the parties and their successors and/or assigns." (Doc. #201-3, p. 6 ¶ 11.) The Assumption Agreement is not attached and therefore nothing disputes these allegations. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)(when exhibits contradict the allegations of the pleading, the exhibits govern). Taking all the allegations as true, this is sufficient to state a

plausible claim that Iberiabank assumed liability for wrongful disbursements from the construction draw account. <u>Iberiabank v. Beneva 41-I, LLC</u>, 701 F.3d 916 (11th Cir. 2012) is not to the contrary, since it involved a summary judgment in which a sublease was found to have been specifically excluded by Iberiabank under the assumption agreement.

The "D'Oench, Duhme doctrine" is a common law doctrine created by the United States Supreme Court in <u>D'Oench, Duhme & Co., Inc. v. FDIC</u>, 315 U.S. 447 (1942), to protect federal banking authorities from secret agreements not in the bank records entered into by borrowers with the failed institutions. <u>Fed. Sav. & Loan Ins. Corp. v. Gordy</u>, 928 F.2d 1558, 1561-62 (11th Cir. 1991). Initially applied only to factually similar cases where a debtor to an insolvent bank was trying to avoid liability to the FDIC by claiming an unrecorded side agreement, the doctrine was later codified and expanded by 12 U.S.C. § 1823(e). <u>Vernon v. Resolution Trust Corp.</u>, 907 F.2d 1101, 1105 (11th Cir. 1990). Under Section 1823(e),

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement--
>
>   (A) is in writing,
>
>   (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor,

>   contemporaneously with the acquisition of the asset by the depository institution,
>
>   (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
>   (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1).  The scope of the doctrine precludes enforcement of "any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records" and applies "in virtually all cases where a federal depository institution regulatory agency is confronted with an agreement not documented in the institution's records." Murphy v. F.D.I.C., 208 F.3d 959, 963 (11th Cir. 2000)(citations omitted).

The Counterclaim specifically alleges:

> 32. HG Coconut does not seek relief that will diminish or tend to diminish Iberiabank's interest in its loan to Coconut 41.
>
> 33. The Settlement Agreement was not intended to and did not deceive the FDIC or any other party.
>
> 34. Iberiabank does not claim any interest in the funds in the Construction Draw Account, as evidenced by Iberiabank's interpleader and deposit of those funds into the registry of this Court.
>
> 35. The Settlement Agreement and the escrow funds deposit account were memorialized in written documents reflected on the books and records of Orion Bank when the FDIC took over as receiver such that the FDIC would have been aware of such obligations when conducting an examination of Orion Bank's records.

(Doc. #201, ¶¶ 32-35.) These factual claims are plausible, and therefore the motion to dismiss will be denied.

Iberiabank argues that HG Coconut lacks standing because the Settlement Agreement does not provide a right to sue Orion or Iberiabank, proof of an assumption of Orion's liability under the Settlement Agreement is not attached to the Counterclaim, and the funds HG Coconut seeks to recover belong to Coconut 41. The Court finds that the factual allegations of the Counterclaim are plausible and sufficiently set forth standing by HG Coconut to assert a claim against Iberiabank.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Dismiss HG Coconut, LLC's Counterclaim (Doc. #213) is **DENIED**.

2. Plaintiffs shall file an **ANSWER** to the Counterclaim **no later than** Friday, February 8, 2013, at **12:00 noon.**

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record