UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

       Plaintiff,

vs.                         Case No.  2:11-cv-321-FtM-29DNF

COCONUT 41, LLC, a Florida limited liability company, THE D'JAMOOS GROUP, LTD, a Florida limited liability company, D'JAMOOS HOLDINGS, INC., a Florida corporation, JOSEPH D'JAMOOS, an individual and trustee of the Joseph E. D'Jamoos Second Amended and Restated Revocable Trust Agreement U/AD May 20, 2003, AJAX PAVING INDUSTRIES, INC., a Michigan corporation, WESTWIND CONTRACTING, INC., a Florida corporation, and HOLE MONTES, INC.,

       Defendants.
_____

WESTWIND CONTRACTING, INC.,

       Counter-claim Plaintiff,

vs.

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

       Counter-claim Defendant.
_____

COCONUT 41, LLC,

       Counter-claim Plaintiff,

vs.

IBERIABANK, as successor in interest to Orion Bank,

    Counter-claim Defendant.
_____

WESTWIND CONTRACTING, INC.,

    Cross-claim Plaintiff,

vs.

COCONUT 41, LLC, a Florida limited liability company; AJAX PAVING, INC., a Michigan corporation; and HOLE MONTES, INC., a Florida corporation;

    Cross-claim Defendants.
_____

WESTWIND CONTRACTING, INC.,

    Third-party Plaintiff,

vs.

HG COCONUT, LLC, a Florida limited liability company,

    Third-party Defendant.
_____

HG COCONUT, LLC,

    Cross-claim Plaintiff,

vs.

WESTWIND CONTRACTING, INC.,

    Cross-claim Defendant.
_____

COCONUT 41, LLC,

    Cross-claim Plaintiff,

vs.

WESTWIND CONTRACTING, INC.; and HG COCONUT, LLC,

    Cross-claim Defendants.
_____

HG COCONUT, LLC,

    Third-party Plaintiff,

vs.

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

    Third-party Defendant.
_____

HG COCONUT, LLC,

    Cross-claim Plaintiff,

vs.

COCONUT 41, LLC,

    Cross-claim Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on HG Coconut, LLC's (HG Coconut) Motion for Partial Summary Judgment Against Westwind Contracting, Inc. (Doc. #251), along with Deposition Excerpts (Doc. #253) and the Affidavit of David Leve (Doc. #254) filed on October 26, 2012. Westwind Contracting, Inc. (Westwind) filed a Memorandum in Opposition (Doc. #263) and HG Coconut filed a Memorandum of Law in Reply (Doc. #275).

Also before the Court is Iberiabank's Motion for Summary Judgment Against HG Coconut, LLC (Doc. #255) filed on October 26, 2012. HG Coconut, LLC filed a Legal Memorandum in Opposition (Doc. #261) and Iberiabank filed a Reply (Doc. #273). Iberiabank seeks summary judgment on HG Coconut, LLC's Counterclaim Against Iberiabank (Doc. #201).

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding

summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007). After review of the record, the Court concludes that there are material issues of disputed material fact which preclude summary judgment.

Accordingly, it is now

**ORDERED**:

1. HG Coconut, LLC' Motion for Partial Summary Judgment Against Westwind Contracting, Inc. (Doc. #251) is **DENIED.**

2. Iberiabank's Motion for Summary Judgment Against HG Coconut, LLC (Doc. #255) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record