```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

        Plaintiff,

vs.                         Case No. 2:11-cv-321-FtM-29DNF

COCONUT 41, LLC, a Florida limited liability company, et al.,

        Defendants.
_____

WESTWIND CONTRACTING, INC.,

        Third-party Plaintiff,

vs.

HG COCONUT, LLC, a Florida limited liability company,

        Third-party Defendant.
_____

HG COCONUT, LLC,

        Cross-claim Plaintiff,

vs.

WESTWIND CONTRACTING, INC.,

        Cross-claim Defendant.
_____

HG COCONUT, LLC,

        Third-party Plaintiff,

vs.

IBERIABANK, a Louisiana banking corporation, as successor in interest to Orion Bank,

    Third-party Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on HG Coconut, LLC's Motion to Order Clerk to Disburse Escrow Funds Held in the Registry of the Court to HG Coconut, LLC (Doc. #342) filed on July 22, 2013. Westwind Contracting, Inc. filed a Memorandum in Opposition (Doc. #346) and IberiaBank filed a Response to Westwind Contracting, Inc.'s Memorandum in Opposition (Doc. #347).

HG Coconut, LLC (HG Coconut) seeks disbursement of the entire principal sum of the escrow funds in the amount of $613,053.66, plus accrued interest, currently on deposit with Registry of the Court. HG Coconut argues that it is entitled to the funds because IberiaBank and Coconut 41, LLC (Coconut 41) have disavowed any interest in the funds, and Coconut 41 has also assigned its rights and interest in the funds to HG Coconut pursuant to a settlement agreement. (Doc. #342, p. 3; Doc. #342-1, Exh. 1.) HG Coconut further argues that Westwind Contracting, Inc. (Westwind Contracting) has no legal basis to assert a claim over the funds because its lien was dismissed, Westwind Contracting did not sue HG Coconut to impose a lien upon the escrow funds, Westwind Contracting is not a third-party beneficiary to the Land Purchase

Contract or the Settlement and Infrastructure Construction Disbursement Agreement, Westwind Contracting's unjust enrichment claim fails as a matter of law, and because retention of the funds pending trial would improperly award Westwind Contracting with "a pre-judgment writ of attachment". (Doc. #342, p. 7.)

Contrary to HG Coconut's arguments, Westwind Contracting does assert that it is entitled to the funds deposited with the Court. Westwind Contracting argues that the funds were specifically earmarked for infrastructure improvements and should be disbursed to Westwind Contracting first. IberiaBank submitted a response to clarify that it has no obligations under the Settlement and Infrastructure Agreement.

As required by the Land Purchase Contract Addendum, see IberiaBank Exh. B, ¶9(b), an escrow account was created to hold ten percent of the purchase price until completion of the infrastructure work by Coconut 41. Pursuant to an Escrow Agreement between Coconut 41 and HG Coconut, $978,000.00 of the purchase price was placed in escrow with WPL, as escrow agent, with accrued interest to belong to the buyer, HG Coconut. (IberiaBank Exh. C.) Pursuant to the Settlement and Infrastructure Agreement, the remaining balance of $793,000 was disbursed from the Escrow Account into a Construction Draw Account at Orion Bank in the name of Coconut 41. (IberiaBank Exh. G.) Orion Bank eventually failed and was taken over by the FDIC. IberiaBank entered into a Purchase and

Assumption Agreement with the FDIC and assumed the Construction Administration account. IberiaBank Exh. J. IberiaBank eventually deposited the remaining balance with the Court. (Doc. #314.)

On November 18, 2013, pursuant to a non-jury trial, the Court issued an Opinion and Order (Doc. #357) directing Judgment on Westwind Contracting's Third Amended Cross-Claim (Doc. #155) in favor of Westwind Contracting on Count II in the amount of $316,665.32; on HG Coconut's Counter Crossclaim (Doc. #170) in favor of Westwind Contracting on all counts; and on HG Coconut's Counterclaim (Doc. #201) in favor of IberiaBank for lack of jurisdiction and alternatively as barred. As set forth in the Opinion and Order, the Court found that the Construction Draw Account belongs to Coconut 41 and not to HG Coconut. (Doc. # p. 43.) Therefore, HG Coconut has no right to the principal amount in the Registry. Pursuant to the Escrow Agreement, HG Coconut is however entitled to any accrued interest on the total principal amount on deposit with the Registry.

HG Coconut and Coconut 41 executed a confidential settlement, see Doc. #342-1, Exh. 1, ¶ H(2), whereby Coconut 41 and the D'Jamoos parties agreed to assign all rights and interest in the WPL Escrow Account and Construction Draw Account to HG Coconut. Therefore, as assignee of Coconut 41, HG Coconut is entitled to the principal amount on deposit with the Registry. The disbursement of funds will be offset by the amount found to be owed to Westwind

Contracting on the unjust enrichment claim in the amount of $316,665.32, plus prejudgment interest in the amount of $85,098.36, totaling $401,763.68.

Accordingly, it is now

**ORDERED**:

HG Coconut, LLC's Motion to Order Clerk to Disburse Escrow Funds Held in the Registry of the Court to HG Coconut, LLC (Doc. #342) is **GRANTED** in part and **DENIED** in part and the Clerk of the Court shall disburse funds in the Registry as follows:

1. The sum of $316,665.32, plus prejudgment interest in the amount of $85,098.36, for a total of $401,763.68 shall be disbursed to Westwind Contracting to satisfy the November 18, 2013 Judgment;

2. The remainder of the principal shall be disbursed to HG Coconut as assignee of Coconut 41; and

3. The remaining interest shall be disbursed to HG Coconut based on paragraph 4 of the Escrow Agreement leaving no balance in the Registry.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of November, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
Finance - ORL